# United States Bankruptcy Court
# for the District of Oregon

**Albert E. Radcliffe, Judge**  151 West Seventh Avenue, Suite 300  (541) 465-6802
Virginia H. Denney, Judicial Assistant  Post Office Box 1335  FAX: (541) 465-6899
Howard J. Newman, Law Clerk  Eugene, Oregon 97440

August 28, 2006

Ms. Geraldine Kay Smith
POB 171
Jacksonville, OR 97530

Mr. Douglas Schultz
Attorney at Law
POB 1147
Eugene, OR 97440

Re: First Amended Motion for Extension of Time
    Smith v. Rush et. al. (Adv. 05-7043-aer)

Dear Ms Smith and Mr. Schultz:

The court has reviewed the above-referenced motion. It will be denied.

On July 26, 2005, the Chapter 7 Trustee noticed an intent to pay a judgment lien against estate assets.[1] The Debtor herein, Ms Smith, objected to that notice. On October 18, 2005, the objection was heard. At that hearing, I abated the matter and gave Ms Smith until November 8, 2005 to file a motion or adversary proceeding (whichever was appropriate), to deal with the lien. If timely action was taken, ruling on the notice of intent would continue abated until the new action was resolved. If Ms Smith failed to take timely action, the Trustee could pay the lien as noticed. This ruling was reduced to a minute order entered on October 20, 2005.

On November 8, 2005 Ms Smith moved for extension of time until November 22, 2005 to take action with respect to the disputed lien. The present adversary complaint was filed on November 22, 2005 to determine, amongst other things, the validity of the disputed judgment lien. It lists 8 named defendants and 10 John Doe defendants, alleges 4 causes of action, and attaches as Exhibit #1, a copy of the judgment from which the disputed lien arises. The judgment is for $1,204.10 with simple interest at 9%. It was entered by the Oregon Supreme Court against Ms Smith in favor of two named judgment creditors, Judy Rush (one of the named defendants) and Richard Barron (Curry County Circuit Court Judge) (not one of the named defendants). The judgment's effective date is August 27, 1992.

On January 31, 2006 Ms Smith filed a certificate of service indicating service of summons and complaint on the named defendants was effectuated by certified mail on December 2, 2005, the summons being served on attorney James Gardner. On that same date Ms

---

[1] The Notice referenced the lien as "the Rush lien" in the amount of $2,602.21 as of July 19, 2005, with per diem interest of 30 cents.

Smith moved for a default order against the named defendants. On February 9, 2006, Defendants John Rush and purportedly Judy Rush, moved to dismiss and for a more definite statement, through counsel, Keith Boyd of the Muhlheim, Boyd firm. On March 1, 2006, I denied those motions.

On March 10, 2006 John Rush, and purportedly Judy Rush, filed their answer through counsel. On March 17, 2006, John Rush moved to amend the pleadings to reflect that Judy Rush was inadvertently named therein, and that John Rush's counsel had never represented Judy Rush, either in the motions to dismiss and for more definite statement, or the answer. On March 20, 2006, Ms Smith replied to John Rush's Answer. On March 27, 2006 John Rush's motion to amend his answer was granted, and Judy Rush was removed therefrom.

On April 26, 2006, at a pretrial conference, John Rush admitted no claim, lien or otherwise, against the estate. Based on that representation, he was dismissed from this proceeding. An order effectuating same was entered on May 4, 2004. At the April 26th conference, I advised I would review Ms Smith's pending motion for default previously filed on January 31, 2006.

On May 4, 2006 I issued a letter opinion and order denying Ms Smith's motion for default. The opinion and order explain that the certificate of service filed on January 31, 2006 indicated service only on attorney Gardner, and that the file nowhere indicated that Mr. Gardner had agreed to accept service. As such, service was not in compliance with FRBP 7004.

After no action in the case for 47 days, on June 20, 2006, the court entered an order proposing to dismiss the case for failure to prosecute, indicating the case would be dismissed within 20 days of June 20, 2006 unless appropriate action was taken.

On July 10, 2006, Ms Smith filed her first motion for an extension of time to prosecute, requesting a 30 day extension (i.e. until August 9, 2006). The motion and accompanying declaration indicated Ms Smith had attempted to contact Judge Barron and the Curry County Circuit Court regarding the lien but had been unsuccessful and also that she had attempted to locate Judy Rush but also had been unsuccessful. She indicated she wished to communicate with Judge Barron's chambers when Judge Barron returned to the office on July 24, 2006.

On July 20, 2006, I entered an order granting Ms Smith's motion for extension. The order gave her until August 9, 2006 to further prosecute, and indicated that failure to do so would result in dismissal without further notice or hearing.

On August 9, 2006, Ms Smith filed the instant motion, requesting until September 8, 2006 to further prosecute the case.

Discussion:

As noted, Ms Smith has requested yet one more extension of the court's order proposing dismissal for failure to prosecute. However, she has not shown "cause", as contemplated by FRBP 9006(b)(1), for the extension. This case is now 9 months old. It has been over 5 months since Ms Smith was put on notice that the Muhlheim firm did not represent Judy Rush. It has

been 3 and ½ months since I ruled that Ms Smith's attempted service (back in December 2005) did not comply with FRBP 7004. It has been 7 weeks since her first motion for extension was granted. All this, and yet Ms Smith has not attained good service on **any** of the remaining defendants. Her present motion and declaration again outlines unsuccessful attempts to communicate with Judge Barron's chambers, as well as the State Court Administrator regarding the disputed judgment lien. However, Judge Barron has not been named as a party defendant. She does not mention any effort to gain service on any of the remaining defendants.

      Failure to effectuate service is one form of "failure to prosecute" within the meaning of FRCP 41(b)[2] (made applicable by FRBP 7041). Anderson v. Air West, Inc., 542 F.2d 522 (9th Cir. 1976). I have carefully considered the factors required under FRCP 41(b) for dismissal.[3] I find the delay here unreasonable. I also find this case is delaying closure of Ms Smith's main bankruptcy, which is now over 9 years old. I find no good rationale or excuse given for Ms Smith's dilatory conduct. Although she is acting pro se, she is an experienced litigant, who should not be given any more favorable treatment than a represented party.[4] The court on two specific occasions (i.e the June 20, 2006 and July 20, 2006 orders) has given Ms Smith an opportunity to avoid dismissal. At this point, dismissal with prejudice under Rule 41(b) is warranted.

---

    [2] FRCP 41(b) provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

    Although the text of Rule 41(b) would seem to require a motion, it has long been established that the court has the inherent power to dismiss a case for lack of prosecution, and may do so *sua sponte*. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

    [3] Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. There must also be a showing of unreasonable delay. Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996).

    [4] The courts have been quick to treat "sophisticated" pro se litigants the same as those who are represented. Rainey v. Davenport, *(In Re Davenport)*, 342 B.R. 482, 484, n.1 (Bankr. S.D. Tex. 2006). Aside from the numerous documents she has filed in the instant adversary, I take judicial notice that: 1) Ms Smith has filed, pro se, over 130 documents in the main case; 2) has represented herself at more than twenty (20) hearings, some of them evidentiary; 3) has been the appellant in at least nine (9) appeals (see Docket entries ## 129, 164, 251, 279, 291,341,545 (cross appeal), 630, and 801), and; 4) has been appellee in 2 appeals (see Docket entries ## 293 (appellee in cross appeal), and 541). She epitomizes the "professional" pro se litigant.

Alternatively, dismissal is warranted under FRCP 4(m)[5] (made applicable by FRBP 7004(a)(1)). The court's June 20, 2006 and July 20, 2006 orders gave sufficient notice of the proposed dismissal. The July 20th order may be construed to extend Rule 4(m)'s 120 day period to August 9, 2006. Ms Smith did not effectuate service within that time-frame, and has not shown "good cause" to warrant a mandatory extension,[6] or grounds to warrant a discretionary extension. Oyama v. Sheehan,(In re Sheehan) 253 F.3d 507, 513 (9th Cir. 2001) (absent a showing of "good cause," court has broad discretion under Rule 4(m) to extend or dismiss).

While normally, a Rule 4(m) dismissal is without prejudice, any refiling of this action by Ms Smith would be after the deadline I imposed,[7] and, as such, a Rule 4(m) dismissal would act as a *de facto* dismissal with prejudice. See, Townsel v. Contra Costa County, Cal., 820 F.2d 319 (9th Cir. 1987).

An appropriate order of dismissal will be entered. With dismissal, Ms Smith's abated objection to the Trustee's notice of intent will be overruled and the Trustee will be permitted to take action consistent with his notice. An appropriate order in the main case will also be entered.

---

[5] FRCP 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

[6] To establish "good cause," Plaintiff must establish: a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed. Oyama v. Sheehan (In re Sheehan) 253 F.3d 507, 512 (9th Cir. 2001) (internal citations and quotations omitted). Ms Smith's declaration in support of her present motion does not address the first prong, and addresses the second prong only in a conclusory manner. In fact, unreasonable delay in service, is rebuttably prejudicial. Anderson, supra at 524. Nothing in Ms Smith's declaration goes to rebut this presumption, except perhaps conclusory statements.

[7] The original deadline of November 8, 2005 was implicitly extended until November 22, 2005.

Ms Smith & Mr. Schultz
August 28, 2006
Page-5

      The above constitute my findings of fact and conclusions of law under FRBP 7052. They shall not be separately stated.

                                  Very truly yours,

                                  ALBERT E. RADCLIFFE
                                  Bankruptcy Judge

AER:jrp