

# United States Bankruptcy Court
# for the District of Oregon

**Albert E. Radcliffe, Judge**  151 West Seventh Avenue, Suite 300  (541) 465-6802
Virginia H. Denney, Judicial Assistant  Post Office Box 1335  FAX: (541) 465-6899
Howard J. Newman, Law Clerk  Eugene, Oregon 97440

September 14, 2006

Ms Geraldine Kay Smith
PO Box 171
Jacksonville, OR 97530

Mr. Douglas Schultz
PO Box 1147
Eugene, OR 97440-1147

RE:  SMITH, Geraldine Kay; Case No. 97-62183-aer7
  Geraldine Kay Smith v. John & Judy Rush; Adversary Proceeding No. 05-7043-aer
  Combined Motion to: 1) Reconsider Order Denying Plaintiff's First Amended Motion
  for Extension of Time, and Dismissing Case with Prejudice entered in Adversary # 05-
  7043-aer (Smith v. Rush et. al), and 2) to Reconsider Order Overruling Objection to
  Notice of Intent entered in Main Case # 697-62183 (In re Smith)

Dear Ms Smith and Mr. Schultz:

The court has reviewed the above-referenced motion. It will be denied.

Ms Smith seeks reconsideration of the orders dismissing the above-referenced adversary with prejudice and overruling her objection to the trustee's notice of intent in the main case.[1]

Ms Smith's motion requests "reconsideration" of the two orders referenced above, and asks me to enter a "different Order and/or to make additional and different findings." Motion at p. 1. It cites no Bankruptcy Rule. Because it was filed within 10 days of entry of the subject orders,[2] I may construe it alternatively as one under FRCP 59(e), (made applicable by FRBP 9023), Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001), one under FRCP 59(a) (made applicable by FRBP 9023) or one under FRCP 52(b) (made

---

[1] Although clear from my letter opinion entered August 29, 2006, out of an abundance of caution, and because Ms Smith makes an issue of it in her present motion, I now clarify that the "Notice of Intent" referenced in the August 29, 2006, "Order Overruling Debtor's Objection to Notice of Intent, " is the Trustee's Notice filed on July 26, 2005.

[2] The Orders were entered on August 29, 2006. The instant motion was filed on September 8, 2006.

applicable by FRBP 7052). <u>Captain Blythers, Inc. v. Thompson</u> *(In Re Captain Blythers, Inc.)*, 311 B.R. 530, 539 (9th Cir. B.A.P. (N.D. Cal.) 2004).

As to FRCP 59(e):

> [R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice.... Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

<u>McDowell v. Calderon</u>, 197 F.3d 1253, 1255, n.1 (9th Cir. 1999) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed.1995)).

As to FRCP 59(a), granting a motion for a new trial is appropriate if the moving party demonstrates 1) a manifest error of fact; 2) a manifest error of law; or 3) newly discovered evidence. <u>Janas v. Marco Crane and Rigging Co.</u> *(In re JWJ Contracting Co., Inc.),* 287 B.R. 501, 514-515 (9th Cir. B.A.P. (Az.) 2002), *aff'd.,* 371 F.3d 1079 (9th Cir. 2004). The same standards apply to a motion to amend or for additional findings under FRCP 52(b). <u>Weiner v. Perry, Settles & Lawson, Inc</u>. *(In Re Weiner)*, 208 B.R. 69 (9th Cir. B.A.P. (N.D.Cal.) 1997), *rev'd on other grounds*, 161 F.3d 1216 (9th Cir. 1998).

In considering the present motion, I incorporate the factual history set out in my letter opinion entered August 29, 2006.

Ms Smith argues that reconsideration is warranted because the Oregon Supreme Court has recently amended the judgment- which is the subject of the instant adversary-to delete Judge Barron as a judgment creditor. See Ex. 4 to Motion. Even if this amended judgment constituted newly discovered evidence only available after Ms Smith's motion for extension was filed,[3] it is irrelevant as to whether reconsideration should be granted. As evident from my August 29, 2006 letter opinion, I dismissed the adversary because Ms Smith's failed to prosecute the case, and more particularly, failed to obtain good service on any of the seven (7) remaining named defendants. Removing Judge Barron from the subject judgment does not go to this defect. In fact, Judge Barron was never actually named as a defendant herein. Ms Smith's present motion

---

[3] Ms Smith's second motion for extension was filed on August 9, 2006. The Order Amending Appellate Judgment bears a signature dated August 11, 2006. Ms Smith attests in the instant motion, that the Order Amending was not actually mailed to her until August 20, 2006.

does not even address her failure to serve the remaining defendants, except perhaps by a tardy motion to allow her to serve Defendant Judy Rush by publication.[4]

Ms Smith next argues I erred in denying her motion for default order[5] because she in fact obtained "good service" on the remaining defendants by serving attorney Gardner. Ms Smith adduces no grounds under the appropriate Rules for me to reconsider that ruling. Further, her arguments are unconvincing. That Mr. Gardner may at one time have represented Defendant Judy Rush in negotiating with the Trustee before this adversary was filed, does not equate with him accepting service on her behalf in this adversary, which he has not done. Any additional arguments as to the validity of service[6] should have been made in Ms Smith's motion for default.

> [B]ankruptcy proceedings are not exercises in successive approximation, on the model of early modern (World War II and before) naval gunfire, wherein one shoots a salvo, observes the splashes relative to the target, corrects, and shoots again, repeating the process until the target (or one's own ship) is destroyed: "A motion to reconsider may *not* be used to present a *new* legal theory for the first time or to raise legal arguments which could have been raised in connection with the original motion. Also, a motion to reconsider may *not* be used to *rehash* the same arguments presented the first time or simply to express the opinion that the court was wrong. The standard for granting a motion to reconsider is strict in order to preclude repetitive arguments that have already been fully considered by the court."

<u>Wall St. Plaza, LLC v. JSJF Corp.</u> *(In re JSJF Corp.)*, 344 B.R. 94, 103-104 (9th Cir. B.A.P. (C.D. Cal.) 2006) (quoting <u>In re Armstrong Store Fixtures Corp.</u>, 139 B.R. 347, 349-50 (Bankr. W.D.Pa.1992) (emphasis in original; citations omitted).

Likewise, the present motion argues with perhaps more particularity that Ms Smith meets the "good cause" or "discretionary" standards for extending the time to serve under FRCP 4(m) as discussed in my August 29, 2006 letter opinion. Again, these arguments and additional facts should have been set forth in the August 9, 2006 motion for an extension.

---

[4] Because I am denying Ms Smith's motion to reconsider, the adversary will remained dismissed, thus mooting the motion to allow service by publication.

[5] The Order denying Ms Smith's motion for default was entered on May 4, 2006.

[6] Ms Smith also argues in her current motion that because of his failure to object to being served on behalf of Defendants, Mr. Gardner (as Defendants' agent) "waived" any objection to service, and further should be equitably estopped from denying he was not authorized to receive service on their behalf. Motion at p. 5.

Ms Smith & Mr. Schultz
September 14, 2006
Page-4

    Based on the above, the motion will be denied.  Appropriate orders will issue.
The above constitute my findings of fact and conclusions of law.  They shall not be separately stated.

    Very truly yours,

    ALBERT E. RADCLIFFE
    Bankruptcy Judge

AER:vhd